**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Kristen Jennifer LEVINE, aka Frankie, Little Sami, Kristine Levine, Beatrice Ayon and Kristen Killian, Defendant—Appellant.**

No. 03–50207.

D.C. No. CR–02–00382–RSWL.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 12, 2004.*

Decided Jan. 20, 2004.

Ronald L. Cheng, Esq., Bruce Searby, Esq., Fred A. Rowley, Jr., Esq., USLA—Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Michael Tanaka, Esq., FPDCA—Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before BEEZER, HALL, and SILVERMAN, Circuit Judges.

MEMORANDUM **

Kristen Jennifer Levine appeals the 46–month sentence imposed following her guilty plea to possession of 15 or more unauthorized credit card numbers in violation of 18 U.S.C. § 1029(a)(3). Levine argues that the district court inappropriately calculated the loss attributable to Levine at over $1,000,000 under U.S. SENTENCING

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

GUIDELINES MANUAL ("USSG") § 2B1.1, Application Note 2(F)(i), when the actual loss was only approximately $20,000. We review the calculation of monetary loss to victims for clear error, *see Untied States v. Lawrence*, 189 F.3d 838, 844 (9th Cir.1999), and we affirm.

USSG § 2B1.1, Application Note 2(F)(i) provides, "[i]n a case involving any ... unauthorized access device,[1] loss includes any unauthorized charges made with the ... unauthorized access device and shall be not less than $500 per access device." This minimum loss calculation applies regardless of whether the unauthorized credit card number was actually used to make fraudulent purchases or not. *See United States v. Yellowe*, 24 F.3d 1110, 1113 (9th Cir.1994) (holding that it was not clearly erroneous for the district court to calculate loss by multiplying the minimum loss calculation by the amount of workable credit card numbers in defendant's possession, even though none of the numbers had been used to purchase items fraudulently);[2] *United States v. Scott*, 250 F.3d 550, 552 (7th Cir.2001) ("The guidelines merely assign a monetary value to each illegal device, with [$500] being the minimum."). Levine did not contest the district court's finding that police found 2,071 unauthorized credit card numbers in her possession. The district court therefore did not clearly err in calculating the total loss by multiplying 2,071 by the $500 minimum loss calculation and adding that figure to the actual loss incurred by Levine's fraud-

ulent conduct to arrive at the total loss in this case.

AFFIRMED.

---

1. Unauthorized credit card numbers are unauthorized access devices. *See* 18 U.S.C. § 1029(e)(1).

2. The *Yellowe* court dealt with the 1993 incarnation of § 2B1.1. Under the 1993 Guidelines, Application Note 2(F)(i) did not exist. In its place was Application Note 4, which stated, "loss includes any unauthorized charges made with stolen credit cards, but in no event less than $100 per card." USSG § 2B1.1, Application Note 4 (1993). This text is almost identical to the text of USSG § 2B1.1, Application Note 2(F)(i) (2002), and thus the reasoning in *Yellowe* applies with full force to the facts of this case.